OPINION
Appellant Jeffrey Danford appeals the October 31, 2000, and November 7, 2000 Judgment Entries of the Licking County Court of Common Pleas, Probate Division, which appointed Richard Nairn guardian of the persons of John W. and Nancy J. Danford, appellant's parents, and which denied appellant's applications for appointment as successor guardian of his parents.
 STATEMENT OF THE FACTS AND CASE
On May 6, 1999, Helen Morriss filed Emergency Applications for Appointment of Guardian for her sister, Nancy J. Danford, and for her brother-in-law, John W. Danford. Via Judgment Entry filed the same day, the trial court appointed Morriss emergency guardian of Mr. and Mrs. Danford. The trial court subsequently appointed Morriss guardian of the persons of Nancy and John Danford for an indefinite period of time.
On August 3, 200, Jacqlyn Rokicki and Jayna Duggan, daughters of the Danfords, filed an application for removal of Morriss as the guardian and request for the appointment of a successor guardian. Rokicki and Duggan also filed a motion for emergency placement order. The trial court entered an Ex Parte Emergency Placement Order the same day, authorizing the daughters to transfer their parents to Altercare, an extended care facility in Westerville, Ohio. The trial court found the Danfords, who were being discharged from Columbus Community Hospital, were not capable of returning to their family home.
On August 4, 2000, appellant filed a memorandum contra his sisters' motion for emergency placement order, and, jointly with Morriss, a motion for reconsideration of the trial court's emergency order. The trial court scheduled a hearing on the motion for reconsideration for August 21, 2000. Morriss submitted her resignation as guardian on August 4, 2000, stating her belief her efforts had been "hampered, restricted, or otherwise prevented" by her nieces. August 4, 2000 Resignation of Guardian at 2, unpaginated. Also on August 4, 2000, appellant filed applications for appointment as guardian of his parents' persons. The trial court scheduled a hearing on appellant's applications for September 11 and 12, 2000, but continued the hearing until November 6 and 7, 2000, upon the Guardian ad litem's request.
Following the August 21, 2000 hearing, the trial court denied appellant and Morriss' motion for reconsideration via Judgment Entry filed August 23, 2000. The trial court found it was in the Danfords' best interests to continue placement at Altercare. The trial court noted it "had not yet accepted the resignation of Helen Morriss as no successor guardian of the person had been appointed." August 23, 2000 Judgment Entry at 2. Rokicki and Duggan filed a Motion for Leave to File Motion for Summary Judgment with respect to appellant's application for guardianship on August 25, 2000, which the trial court granted. Appellant responded, asserting summary judgment was inapplicable to the appointment of a successor guardian. Thereafter, Rokicki and Duggan filed a reply brief, and appellant filed a response to the reply.
On September 20, 2000, the trial court appointed Lana Nairn as guardian of the Danfords' persons for an indefinite time period. The trial court made this appointment ex parte. Appellant filed amended applications for appointment as successor guardian for his parents' persons and estate on October 4, 2000. Lana Nairn resigned as guardian on October 27, 2000, due to sudden ill health. On October 31, 2000, the trial court appointed Richard Nairn as guardian of the Danfords' persons for an indefinite time period. Appellant filed a motion requesting the trial court correct the October 31, 2000 entry, appointing Richard Nairn, to reflect such appointment was made ex parte. The trial court amended the October 31, 2000 entry to so reflect via Nunc Pro Tunc Order filed November 15, 2000.
The hearing on appellant's applications for appointment as guardian proceeded on November 6, 2000, as scheduled. Attorney David Morrison, appellant's counsel; Attorney Scott Hayes, attorney for Rokicki and Duggan; and Attorney Jennifer Amos, Guardian ad litem for Mr. and Mrs. Danford, presented their respective positions on the issue. On the record, the trial court denied appellant's applications for appointment as guardian of the Danfords' estate, finding Mr. and Mrs. Danford had expressed their desires and wishes prior to their becoming incompetent when they executed Powers of Attorney in favor of their daughter. The trial court also dismissed appellant's applications for appointment as guardian of the Danfords' persons. The trial court ordered Richard Nairn continue to serve as guardian, finding such was in the best interests of Mr. and Mrs. Danford. The trial court memorialized its decision via Judgment Entry filed November 7, 2000.
It is from the October 31, 2000 Judgment Entry, appointing Richard Nairn as guardian, and the November 7, 2000 Judgment Entry, denying his applications for appointment as successor guardian, appellant appeals, raising the following assignments of error:
 I. THE PROBATE COURT'S APPOINTMENT OF RICHARD NAIRN AS SUCCESSOR GUARDIAN OF THE PERSON OF JOHN AND NANCY DANFORD IS CONTRARY TO LAW.
 II. THE PROBATE COURT'S DENIAL OF JEFFREY DANFORD'S APPLICATIONS FOR APPOINTMENT AS SUCCESSOR GUARDIAN OF THE PERSON OF JOHN AND NANCY DANFORD IS CONTRARY TO LAW.
 I.
In his first assignment of error, appellant contends the trial court erred in appointing Richard Nairn as successor guardian of the persons of John and Nancy Danford. Specifically, appellant takes issue with the trial court's appointing Richard Nairn ex parte as well as the trial court's failure to conduct a hearing as required by R.C. 2111.02(C).[1]
R.C. 2111.02(C) provides:
 (C) Prior to the appointment of a guardian or limited guardian under division (A) or (B)(1) of this section, the court shall conduct a hearing on the matter of the appointment. The hearing shall be conducted in accordance with all of the following:
 (1) The proposed guardian or limited guardian shall appear at the hearing and, if appointed, shall swear under oath that the proposed guardian or limited guardian has made and will continue to make diligent efforts to file a true inventory in accordance with section 2111.14 of the Revised Code and find and report all assets belonging to the estate of the ward and that the proposed guardian or limited guardian faithfully and completely will fulfill the other duties of guardian, including the filing of timely and accurate reports and accountings;
* * *
 (3) If the hearing concerns the appointment of a guardian or limited guardian for an alleged incompetent, the burden of proving incompetency shall be by clear and convincing evidence;
 (4) Upon request of the applicant, the alleged incompetent for whom the appointment is sought or the alleged incompetent's counsel, or any interested party, a recording or record of the hearing shall be made;
 (5) Evidence of a less restrictive alternative to guardianship may be introduced, and when introduced, shall be considered by the court;
 (6) The court may deny a guardianship based upon a finding that a less restrictive alternative to guardianship exists;
 (7) If the hearing concerns the appointment of a guardian or limited guardian for an alleged incompetent, the alleged incompetent has all of the following rights:
 (a) The right to be represented by independent counsel of his choice;
 (b) The right to have a friend or family member of his choice present;
 (c) The right to have evidence of an independent expert evaluation introduced;
 (d) If the alleged incompetent is indigent, upon his request:
 (i) The right to have counsel and an independent expert evaluator appointed at court expense;
 (ii) If the guardianship, limited guardianship, or standby guardianship decision is appealed, the right to have counsel appointed and necessary transcripts for appeal prepared at court expense.
The trial court's original appointment of a guardian for the Danfords was made pursuant to R.C. 2111.02(A), which reads:
 (A) When found necessary, the probate court on its own motion or on application by any interested party shall appoint, subject to divisions (C) and (D) of this section and to section 2109.21 and division (B) of section 2111.121 of the Revised Code, a guardian of the person, the estate, or both, of a minor or incompetent, provided the person for whom the guardian is to be appointed is a resident of the county* * * and,* * *, has had the opportunity to have the assistance of counsel in the proceeding for the appointment of such guardian.* * *
In the instant action, Morriss filed her resignation with the trial court on August 4, 2000. R.C. 2111.02(B)(2) addresses the actions a trial court may take upon the resignation of a guardian:
 (2) If a guardian appointed pursuant to division (A) of this section is temporarily or permanently removed or resigns, and if the welfare of the ward requires immediate action, at any time after the removal or resignation, the probate court may appoint, ex parte and with or without notice to the ward or interested parties, an interim guardian for a maximum period of fifteen days. If the court appoints the interim guardian ex parte or without notice to the ward, the court, at its first opportunity, shall enter upon its journal with specificity the reason for acting ex parte or without notice, and, as soon as possible, shall serve upon the ward a copy of the order appointing the interim guardian. For good cause shown, after notice to the ward and interested parties and after hearing, the court may extend an interim guardianship for a specified period, but not to exceed an additional thirty days.
(Emphasis added).
Pursuant to R.C. 2111.02(B)(2), a trial court may appoint an interim guardian at any time after the resignation of the guardian. The trial court may take such action ex parte, and with or without notice to the ward or interested parties. However, an interim guardian may serve a maximum of fifteen days, and if the interim guardian is appointed exparte and without notice, the trial court must, at its first opportunity, enter upon its journal the reason for acting ex parte and without notice. The trial court may subsequently extend an interim guardianship for a specified period, not to exceed an additional thirty days.
We find the trial court herein did not appoint Richard Nairn as interim guardian on October 31, 2000, but rather as successor guardian for an indefinite period of time. The Letters of Guardianship specifically state, "Those guardianship powers, until revoked, are for an * * * Indefinite time period. October 31, 2000 Letters of Guardianship. Additionally, the trial court, in denying appellant's applications for guardianship, found it had "already taken action to appoint a successor guardian of the [Danfords' persons]." November 7, 2000 Judgment Entry at 2, unpaginated. We find such appointment was procedurally flawed. R.C.2111.04 provides:
 (A) Except for an interim or emergency guardian
appointed under division (B)(2) or (3) of section 2111.02 of the Revised Code, no guardian of the person, the estate, or both shall be appointed until at least seven days after the probate court has caused written notice, setting forth the time and place of the hearing, to be served as follows:
* * *
 (2) In the appointment of the guardian of an incompetent, notice shall be served:
 (a)(I) Upon the person for whom appointment is sought by personal service, by a probate court investigator, or in the manner provided in division (A)(2)(a)(ii) of this section. The notice shall be in boldface type and shall inform the alleged incompetent, in boldface type, of his rights to be present at the hearing, to contest any application for the appointment of a guardian for his person, estate, or both, and to be represented by an attorney and of all of the rights set forth in division (C)(7) of section 2111.02 of the Revised Code.
* * *
 (b) Upon the next of kin of the person for whom appointment is sought who are known to reside in this state.
Because Richard Nairn was neither appointed as an interim guardian nor as an emergency guardian, Richard Nairn could not be appointed successor guardian until at least seven days after the probate court has caused written notice, setting forth the time and place of the hearing, to be served upon appellant, as a next of kin residing in Ohio. The trial court did not provide appellant with the requisite notice and did not conduct a hearing prior to Richard Nairn's appointment as successor guardian. Accordingly, we find Richard Nairn's appointment contrary to law.
Appellant's first assignment of error is sustained.
 II.
In his second assignment of error, appellant asserts the trial court erred in denying his applications for appointment as successor guardian of his parents. In light of our disposition of appellant's first assignment of error, we overrule appellant's second assignment of error as premature.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas, Probate Division, is reversed and the matter remanded for further proceedings in accordance with law and this opinion. Costs assessed to appellees.
Hoffman, J. Gwin, P.J. and Boggins, J. concur
[1] The trial court's appointment of Lana Nairn is not at issue in this appeal as such was rendered moot by Nana Nairn's subsequent resignation.